UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BENIHANA NATIONAL CORP., BENIHANA INTERNATIONAL, INC., BENIHANA CARLSBAD CORP., BENIHANA ENCINO CORP., BENIHANA MARINA CORP., BENIHANA ONTARIO CORP., BENIHANA OF PUENTE HILLS CORP., BENIHANA SUNRISE CORPORATION,<br><br>Defendants. | Case No.  11-CV-01272 WHA<br><br>**CLASS ACTION**<br><br>~~[PROPOSED]~~ **ORDER ADDRESSING DISCOVERY DISPUTE OVER REQUEST FOR CLASS LIST**<br><br>[Assigned to Courtroom 8, Hon. William Alsup]<br><br>Complaint Filed: February 14, 2011<br>Trial Date: October 9, 2012 |

**MINAMI TAMAKI, LLP**
360 Post Street, 8th Floor
San Francisco, CA  94108
Tel. (415) 788-9000
Fax (415) 398-3887

Interrogatory No. 1 in Representative Plaintiff Tetsuo Akaosugi's and Hieu Nguyen's ("Plaintiffs") Interrogatories (Set One (A)) requested that Defendant Benihana National Corp. ("Defendant") identify "all Salaried Manager Class Members" by name, home address, telephone number, email address, dates of employment, and facilities where they performed work.

In its response, Defendant raised various objections, including those based on third party privacy, and, thereupon, declined to identify the putative class members.

On September 22, 2009, Plaintiffs filed a letter regarding the above-referenced discovery dispute (Document No. 35).

Pursuant to the Court's Order Setting Hearing on Plaintiffs' Discovery Dispute (Document No. 36), Defendant filed a letter on September 29, 2011 (Document No. 38) and the parties appeared at a hearing on October 3, 2011.

Based upon the parties' letter submissions, their counsels' arguments at the October 3, 2011 hearing, and for good cause showing, the Court hereby **ORDERS** as follows:

1. The parties shall proceed as set forth in the transcript from the October 3, 2011 hearing, (Document. No. 39);
2. Within 5 business days of the date this Order is entered by the Court, Benihana National Corp. shall provide Plaintiff with the names and corresponding restaurant locations for all Salaried Managers who worked at any of Benihana National Corp.'s six Benihana branded, teppanyaki-style restaurants in California ("Contact List") since February 14, 2007;
3. Once a form of letter has been approved by the Court and the Contact List has been provided to Plaintiffs' counsel, they shall address a letter to each Salaried Manager on the Contact List and deliver these letters to Defendant's counsel;
4. Defendant's counsel shall cause these letters to be delivered to the Salaried Managers within 5 business days after the letters are delivered to Defendant's counsel. As for former Salaried Managers, Defendant shall mail such letters to their last known address;

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

[PROPOSED] ORDER ADDRESSING DISCOVERY DISPUTE OVER REQUEST FOR CLASS LIST
Case No. 11-CV-01272 WHA

5. As indicated in the transcript from the October 3, 2011 hearing neither Defendant nor its counsel shall attempt in any way to dissuade putative class members from contacting Plaintiffs' counsel;

6. In strict compliance with the Court's instructions set forth at the hearing on October 13, 2011, plaintiffs' counsel is permitted to go to the Benihana National Corp. locations where Salaried Managers work to try to talk to them outside the restaurant so long as Plaintiffs' counsel does not interfere with their work duties or Benihana business operations, and informs the putative class members that they are under no obligation to talk to Plaintiffs' counsel. Benihana is not obliged to provide time off to employees to meet with Plaintiffs' counsel or space at any of its facilities for interviews;

7. Plaintiffs' counsel may subpoena for deposition any Salaried Manager who declines to talk with Plaintiffs' counsel. If Defendant's counsel declines to accept service of the subpoena on the putative class member's behalf, then Defendant's counsel is required to give Plaintiffs' counsel the putative class member's home address so that Plaintiffs' counsel can serve the subpoena;

8. The Contact List, and any contact information provided by Defendant's counsel for purposes of Plaintiffs' service of a subpoena pursuant to this Order, shall be subject to the terms of the Protective Order in this case and used only for purposes of the present lawsuit;

9. Defendant is not presently required to provide contact information for Salaried Managers at its subsidiaries, because the issue is not ripe for decision.

**IT IS SO ORDERED.**

Dated:  October 13, 2011

_____
William Alsup
UNITED STATES DISTRICT JUDGE

5

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

[PROPOSED] ORDER ADDRESSING DISCOVERY DISPUTE OVER REQUEST FOR CLASS LIST
Case No. 11-CV-01272 WHA