IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BENIHANA NATIONAL CORP., BENIHANA INTERNATIONAL, INC., BENIHANA CARLSBAD CORP., BENIHANA ENCINO CORP., BENIHANA MARINA CORP., BENIHANA ONTARIO CORP., BENIHANA OF PUENTE HILLS CORP., BENIHANA SUNRISE CORP.,<br><br>    Defendants. | No. C 11-01272 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this employment class action, seven defendants move to dismiss all claims against them due to lack of Article III standing. For the following reasons, the motion is **GRANTED**.

## STATEMENT

Plaintiffs Tetsuo Akaosugi and Hieu Nguyen worked as managers at Benihana restaurants in San Francisco and Cupertino (First Amd. Compl. ¶¶ 10–11). Plaintiffs commenced this action against Benihana, Inc. on behalf of themselves and others similarly situated for violations of California employment laws, and defendants removed to federal court in March 2011. In September 2011, plaintiffs filed a first amended complaint which terminated Benihana, Inc. as a

1 defendant and added Benihana National Corporation and seven of its wholly-owned subsidiaries
2 as defendants (Dkt. No.32). Plaintiffs' first amended complaint alleges seven claims for relief:
3 (1) failure to pay overtime; (2) unlawful forfeiture of accrued vacation pay; (3) failure to provide
4 meal periods; (4) failure to provide rest periods; (5) failure to pay wages on termination;
5 (6) failure to provide accurate itemized wage statements; and (7) unfair business practices.

6 The subsidiaries now move to dismiss all claims, arguing that named plaintiffs lack
7 Article III standing to bring these claims because neither was employed by a Benihana subsidiary.
8 This order follows full briefing.

**ANALYSIS**

10 Lack of Article III standing requires dismissal for lack of subject matter jurisdiction under
11 FRCP 12(b)(1). *Simmonds v. Credit Suisse Sec.*, 638 F.3d 1072, 1087 n.6 (9th Cir. 2011).
12 Article III standing requires the demonstration of three elements: (1) the plaintiff suffered an
13 "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or
14 hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it
15 is likely, as opposed to merely speculative, that the injury will be redressed by a favorable
16 decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). For purposes of ruling on
17 a motion to dismiss for lack of standing, all material allegations of the complaint are accepted as
18 true and the complaint must be construed in favor of the complaining party. *Warth v. Seldin*, 422
19 U.S. 490, 501 (1975).

20 In the class action context, named plaintiffs who represent a class "must allege and show
21 that they *personally* have been injured, not that injury has been suffered by other, unidentified
22 members of the class to which they belong and which they purport to represent." *Gratz v.
23 Bollinger*, 539 U.S. 244, 289 (2003) (emphasis added). If none of the named plaintiffs are able to
24 establish standing as to each defendant, "none may seek relief on behalf of himself or any other
25 member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

26 The subsidiaries argue that plaintiffs fail to meet the third element of standing because the
27 injury to named plaintiffs can only be linked to actions of Benihana National, the parent
28 corporation, and *not* to the subsidiaries. The subsidiaries assert that neither named plaintiff was

ever employed by one of the seven subsidiaries (Casey Decl. ¶ 2). The Cupertino and San Francisco restaurants where plaintiffs worked were operated by Benihana National (Rose Decl. ¶ 2). Plaintiffs do not allege that they were ever employed by a Benihana subsidiary, but offer several theories why they have standing nonetheless. None is persuasive. Each is considered in turn.

**1. STANDING MUST BE ESTABLISHED BEFORE CLASS CERTIFICATION.**

Plaintiffs argue that issues regarding standing are best resolved *after* class certification (Opp. 13). This order must disagree. "Standing is a jurisdictional element that must be satisfied prior to class certification." *Lee v. State of Oregon*, 107 F.3d 1382, 1390 (9th Cir. 1997). Plaintiffs cite to *Amchem Products, Inc. v. Windsor* for the proposition that "class certification issues are dispositive" because their resolution "is logically antecedent to the existence of any Article III issues." 521 U.S. 591, 612 (1997). In *Amchem*, however, the Supreme Court was presented with challenges to both class certification and jurisdiction. The Court chose to address only the class certification issues, but it did *not* hold that determination of Article III standing could properly be delayed until after class certification. In the present action, class certification has not yet taken place, but plaintiffs cannot proceed against the subsidiaries if they cannot establish all elements of Article III standing at this stage.

**2. A JURIDICAL LINK CANNOT BESTOW STANDING.**

Plaintiffs argue that they have standing because Benihana National and the subsidiaries are juridically linked. A plaintiff can establish the elements of class certification where "all injuries are the result of a conspiracy or concerted scheme between the defendants," or where "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1977). In *LaMar*, the court of appeals assumed the presence of standing because the plaintiffs had not satisfied the class certification requirements of FRCP 23.

All of the decisions plaintiffs cite in their opposition brief, however, involve the class certification process — *not* Article III standing analysis. Since *LaMar*, the court of appeals has only once analyzed a juridical link in the context of Article III, and the court of appeals did not

3

squarely address if finding a juridical link between defendants could establish standing. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding the plaintiffs failed to show a juridical link without reaching the question of if the pleading stage was an appropriate context for this analysis).

Defendants cite to a decision by the undersigned judge holding that juridical link analysis does not apply to issues of standing in the pleading stage. *Siemers v. Wells Fargo & Co.*, No. C 05-04518, 2006 WL 3041090, at *6 (N.D. Cal. Oct. 24, 2006). Indeed, district courts have been hesitant to hold that a juridical link establishes Article III standing. *See Cady v. Anthem Blue Cross Life and Health Ins.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (Wilken, J.) (citing to *Siemers* and holding the juridical link analysis inapplicable to determining standing).

In fact, a careful review of all decisions on point revealed that no district court in the Ninth Circuit has found a plaintiff to have established Article III standing based on a juridical link between defendants. *See, e.g., Shin v. Esurance Ins. Co*, No. C8-5626, 2009 WL 688586, at *5 (W.D. Wash. Mar. 13, 2009) (Leighton, J.) (finding no authority "that binds the Court to treat an alleged juridical link as a trump card in the game of applying the Constitution"). This Court declines to hold otherwise. Accordingly, plaintiffs fail to establish standing on this basis.

### 3. ALTER EGO AND AGENCY THEORIES ARE INAPPLICABLE.

Plaintiffs argue that they have standing based on alter ego and agency theories, citing to *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920 (9th Cir. 2011). *Bauman* held that the alter ego and agency tests can establish "contacts to support the exercise of personal jurisdiction over a foreign parent company by virtue of its relationship to a subsidiary that has continual operations in the forum." Plaintiffs do not explain how theories pertaining to personal jurisdiction can bestow Article III standing. Even if plaintiffs were able to establish that Benihana National and the subsidiaries are alter egos of one another, they have not presented any authority holding that such a demonstration would establish standing.

Plaintiffs have failed to establish Article III standing because they have not demonstrated that the injury to the named plaintiffs is fairly traceable to the subsidiaries. Accordingly, the motion to dismiss all claims as to the subsidiaries is **GRANTED**.

4

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. All claims against the subsidiaries are dismissed. Benihana National remains as a defendant. Plaintiffs may seek to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiffs must append to their motion a proposed amended complaint that clearly explains how the amendments cure the defects identified herein. The hearing scheduled for November 17 is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE