1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   TETSUO AKAOSUGI, HIEU NGUYEN, on              No. C 11-01272 WHA
     behalf of themselves and others similarly situated,
11
                      Plaintiffs,
12
                                                    **ORDER GRANTING**
     v.                                             **PLAINTIFFS' MOTION TO**
13                                                  **PRECLUDE DEFENDANT FROM**
                                                    **FILING A MOTION TO DENY**
14   BENIHANA NATIONAL CORPORATION,                 **CLASS CERTIFICATION**

15                    Defendant.

16   _____/

17         Plaintiffs Tetsuo Akaosugi and Hieu Nguyen have filed an administrative motion to

18   preclude defendant from filing a motion to deny class certification (Dkt. No. 54).  Defendant

19   opposes (Dkt. No. 55).

20         The deadline to file a motion for class certification is January 3, 2012.  Plaintiffs have

21   indicated they intend to file such a motion on or before January 3.  Defendant has indicated it

22   intends to file a motion to deny class certification on or before January 3.

23         Defendant seeks to file a motion to deny class certification in order to "frame the issues

24   and the facts in a way which it believes will support its position, and be useful to the Court."

25   Defendant contends, "Plaintiffs wish the Court to see the issues only as the Plaintiffs frame them,

26   and curtail the right of the Defendant to be heard on a motion of major importance in the case"

27   (Opp. 2–3).  Relying on *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939–41 (9th Cir.

28   2009), defendant asserts a right to file a motion to deny class certification.  In *Vinole*, our court of

     appeals held that Rule 23 itself does not preclude a defendant from bringing a motion to deny

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  certification.  However, *Vinole*, did not impose on courts a requirement to entertain such a

2  motion.

3        District courts retain broad discretion in managing class action proceedings.  *See* FRCP

4  23(d); *American Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F2d 781, 786–87 (9th

5  Cir. 1982).  It will not be helpful to resolution of the class certification issue to have dueling

6  motions.  Defendant will, of course, have an opportunity to submit an opposition to the motion for

7  class certification, and will therefore not be deprived of an opportunity to "be heard on a motion

8  of major importance in the case."  Further, at no point during the case management conference

9  did defendant indicate it would seek to file a motion to deny certification.  The deadline set forth

10  in the case management order to file a class certification motion was December 1, 2011.  By order

11  dated October 24, 2011, plaintiffs' motion to enlarge time to file a motion *for* class certification

12  was granted and the deadline to file was extended to January 3, 2012 (Dkt. No. 49).  No briefing

13  schedule was set for a motion to deny class certification.

14        Having reviewed and considered the submissions by both parties, plaintiffs' motion is

15  hereby **GRANTED**.  A motion to deny class certification will not be entertained.

16

17      **IT IS SO ORDERED.**

18

19  Dated:  December 19, 2011.

                                         WILLIAM ALSUP
20                                           UNITED STATES DISTRICT JUDGE