**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN, on behalf of themselves and others similarly situated,

  Plaintiffs,

 v.

BENIHANA NATIONAL CORPORATION,

  Defendant.

No. C 11-01272 WHA

**ORDER GRANTING PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT FROM FILING A MOTION TO DENY CLASS CERTIFICATION**

Plaintiffs Tetsuo Akaosugi and Hieu Nguyen have filed an administrative motion to preclude defendant from filing a motion to deny class certification (Dkt. No. 54). Defendant opposes (Dkt. No. 55).

The deadline to file a motion for class certification is January 3, 2012. Plaintiffs have indicated they intend to file such a motion on or before January 3. Defendant has indicated it intends to file a motion to deny class certification on or before January 3.

Defendant seeks to file a motion to deny class certification in order to "frame the issues and the facts in a way which it believes will support its position, and be useful to the Court." Defendant contends, "Plaintiffs wish the Court to see the issues only as the Plaintiffs frame them, and curtail the right of the Defendant to be heard on a motion of major importance in the case" (Opp. 2–3). Relying on *Vinole v. Countrywide Home Loans*, *Inc.*, 571 F.3d 935, 939–41 (9th Cir. 2009), defendant asserts a right to file a motion to deny class certification. In *Vinole*, our court of appeals held that Rule 23 itself does not preclude a defendant from bringing a motion to deny

certification. However, *Vinole*, did not impose on courts a requirement to entertain such a motion.

District courts retain broad discretion in managing class action proceedings. *See* FRCP 23(d); *American Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F2d 781, 786–87 (9th Cir. 1982). It will not be helpful to resolution of the class certification issue to have dueling motions. Defendant will, of course, have an opportunity to submit an opposition to the motion for class certification, and will therefore not be deprived of an opportunity to "be heard on a motion of major importance in the case." Further, at no point during the case management conference did defendant indicate it would seek to file a motion to deny certification. The deadline set forth in the case management order to file a class certification motion was December 1, 2011. By order dated October 24, 2011, plaintiffs' motion to enlarge time to file a motion *for* class certification was granted and the deadline to file was extended to January 3, 2012 (Dkt. No. 49). No briefing schedule was set for a motion to deny class certification.

Having reviewed and considered the submissions by both parties, plaintiffs' motion is hereby **GRANTED**. A motion to deny class certification will not be entertained.

**IT IS SO ORDERED.**

Dated: December 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2