IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI and HIEU NGUYEN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BENIHANA NATIONAL CORPORATION,

    Defendant.

    /

No. C 11-01272 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**

Plaintiffs Tetsuo Akaosugi and Hieu Nguyen move to file under seal documents designated as confidential by defendant Benihana National Corporation. Said documents are appended as exhibits in support of plaintiffs' motions for class certification and for partial summary judgment, both filed January 3. Plaintiffs have filed both motions in heavily redacted form (Dkt. No. 61).

There is good cause to seal Exhibits M and N to the declaration of Kevin Allen in support of the motion for class certification because they contain confidential and proprietary business information regarding customer service protocols and procedures as well as BNC's methodology for assessing compliance with such procedures. This information is not made available to the public.

There is good cause to seal Exhibit O to the Allen declaration because it contains confidential and proprietary information regarding the terms and conditions of BNC's bonus incentive plan and this information is not made available to the public. Lines five through six and

footnote 23 on page six of the motion for class certification shall remain redacted because they discuss Exhibit O in sufficient detail so as to reveal its contents.

There is good cause to seal Exhibit Y to the Allen declaration because it contains confidential and proprietary information regarding BNC's business operations and operational goals and BNC's proposed and actual budgets and profit margins. This information is not made available to the public. Footnote 40 at page nine of the motion for class certification shall remain redacted as it discusses Exhibit Y in sufficient detail so as to reveal its contents.

Good cause is not found to seal Exhibits U and FF to the Allen declaration. These documents contain the names of current and former BNC employees and managers. Defendant contends disclosure of this information will harm the privacy interests of the identified individuals but does not explain how or why.

There is a not a compelling reason to seal Exhibits L and M to the declaration of Lindsay Nako in support of the motion for partial summary judgment or the following lines of the motion itself, which reference the documents: page two, lines 14 through 17, page four, line 25 through page five, line four, and page 13, lines 23 through 25. Exhibits L and M consist of trust account signature cards with tax identification numbers. Defendant contends that the exhibits should be sealed because BNC wishes to keep certain of its business processes confidential, including its processes regarding the administration of benefit plans affecting its cash flow. This is not a compelling reason to seal the documents and prevent public access to them at the summary judgment stage. However, there is a compelling reason to redact the tax identification number. The tax identification number shall be redacted.

There is not a compelling reason to seal Exhibit U to the Nako declaration or lines 12 through 17 on page five of the motion for partial summary judgment, which reference the exhibit. This document describes BNC's internal funding procedures for its Voluntary Employee Beneficiary Association insurance and vacation benefit funds, including information regarding BNC's policies and procedures regarding how it funds the plans. Defendant contends disclosure of this confidential and proprietary information, which is not publicly available, "could be

1  detrimental to BNC's financial and competitive interests" (Dkt No. 74 at 3).  This is not a
2  compelling reason to seal this information at the summary judgment stage.
3   There is not a compelling reason to seal Exhibits V and Y to the Nako declaration or page
4  five, lines 21 through 22, page seven, lines 15 through 17 and footnotes eight through nine, page
5  seven, line 19 through page eight, line one, and footnotes 11 through 12, of the motion for partial
6  summary judgment, which reference the exhibits.  Exhibits V and Y consist of bank account
7  statements for the VEBA trusts from Bank of America and Wachovia Bank.  The documents
8  contain non-public financial account information, including dates and amounts of checks made,
9  check numbers, and account balances.  Defendant contends that there is a compelling reason to
10 seal these documents because "[t]he amount of money BNC deposits into, withdraws from and
11 maintains in its VEBA trust accounts affects its cash flow, and thus potentially its ability to
12 operate efficiently . . . [and that] [d]isclosure of such information could be detrimental to BNC's
13 financial and competitive interests" (*id.* at 3–4).  This does not rise to the level of a compelling
14 reason to seal documents at the summary judgment stage.
15  All exhibits to the declarations of Nako and Allen, submitted in support of plaintiffs'
16 motion for class certification and motion for partial summary judgment not explicitly permitted to
17 be filed under seal in this order, shall be filed in public view.  All portions of plaintiffs' notice of
18 motion and memorandum of points and authorities in support of plaintiffs' motion for class
19 certification and motion for partial summary judgment shall be unredacted, except for those
20 portions explicitly identified in this order to remain redacted.
21  Plaintiffs shall file Exhibits M, N, O, and Y to the declaration of Allen under seal.  Lines
22 five through six and footnotes 23 and 40 of the motion for class certification shall be redacted.
23  The tax identification number contained in Exhibits L and M to the Nako declaration shall
24 be redacted.

Plaintiffs shall file the specified documents under seal and in redacted form in full compliance with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: January 17, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4