United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

  v.

BENIHANA NATIONAL CORPORATION,

    Defendant.

No. C 11-01272 WHA

**ORDER DENYING
DEFENDANT'S MOTION
FOR SANCTIONS DUE TO
SPOLIATION OF EVIDENCE
AND SELF-HELP DISCOVERY**

## INTRODUCTION

In this proposed class action, defendant moves for sanctions due to spoliation of evidence and self-help discovery by plaintiff Hieu Nguyen. For the reasons set forth below, defendant's motion is **DENIED**.

## STATEMENT

Plaintiffs Tetsuo Akaosugi and Hieu Nguyen commenced a proposed class action that was removed to federal court in March 2011. Plaintiffs claim that defendant Benihana National Corporation (BNC) misclassified all California Benihana restaurant managers in order to withhold overtime pay and meal periods, and unlawfully withheld accrued vacation pay from all California Benihana employees. A hearing on class certification is scheduled for March 22, 2012.

In a deposition on October 5, plaintiff Nguyen, a current manager at the Cupertino Benihana location, testified that the general manager had provided all the managers with USB drives. The purpose of the drive, he said, was to copy employee schedules so that he could work on them from home and to back up these schedules from defendant's restaurant computer in case of a systems crash. Plaintiff Nguyen testified that the only documents on the USB drive were those schedules.

After the October 5 deposition, defendant requested that plaintiff Nguyen produce the drive. After multiple requests, defendant received the drive in the mail, addressed from plaintiff Nguyen and post-marked November 2. Defendant delivered the drive to a forensic analyst, who reported the following:

> The USB drive contained evidence of nearly 6,500 files that Nguyen began downloading from the BNC computer at the Cupertino restaurant on February 10, 2011, the day before Plaintiffs' counsel signed the original complaint in this action.
>
> Of the recovered files, 15 of them were written before Nguyen began his employment with BNC in April 2009 . . . His testimony that the drive was provided to him by BNC thus appears to be untruthful.
>
> Only 43 of the documents recovered from the drive were created before February 10, 2011, and none of those 43 are BNC documents.
>
> The metadata from the files that were recovered show that on February 10 and 11, 2011, approximately 3,000 Benihana files/folders were created on the thumb drive.
>
> Between February 12 and April 22, 2011, less than 100 files/folders were created on the thumb drive. Many of them appear to be schedules created contemporaneously with Nguyen's work.
>
> On April 23, 2011, over 300 files/folders were created on the thumb drive. Those documents largely pertain to financial reporting for the Cupertino store.
>
> Between April 24, 2011 and August 22, 2011, over 100 files/folders were created on the thumb drive. The files appear to include Benihana files that were created contemporaneously with Nguyen's work, and also included personal files.
>
> On June 6, 2011, Nguyen deleted the majority of the files on the drive that were copied on February 10 and 11, 2011 — approximately 2,000 files and folders.

2

> On August 23, 2011 — five days after Nguyen's deposition was first noticed — Nguyen copied approximately 2,800 BNC files to the thumb drive. Those files include Benihana recipe and food pricing guides, daily manager logs, schedules, training materials, profit and loss reports, quarterly forecasts, daily and weekly sales and labor reports, budgets, and employee contact lists — documents dating back to 2005.
>
> Other than 3 files with creation dates of September 1, 2011 and a Windows system file that was created on November 1, 2011 (they were deleted on or after November 1, 2011), after August 23, 2011 no files were created on the thumb drive until the 56 files were created on November 2, 2011.
>
> After his October 5, 2011 deposition, on November 1, 2011, just two days before BNC received the flash drive, Nguyen deleted all the remaining files on the flash drive that were not previously deleted — approximately 3900 files.
>
> Then, on November 2, 2011, the same day he mailed the flash drive to BNC's counsel, Nguyen created or copied 56 *new files* into a folder on the drive entitled "Schedules for Busboy, Dishwasher, Front and Sushi Bar." These files were apparently created to make the contents of the flash drive appear to match Nguyen's deposition testimony.

(Litchfield Decl.)

Defendant added: "BNC has since been able to recover approximately 6300 files deleted from the thumb drive, although some of them appear to be corrupted and will not open." Furthermore, the USB drive delivered was blue while one restaurant manager testified that the original drive was pink.

Upon further questioning in subsequent depositions, plaintiff Nguyen testified that he was given the USB drive by the general manager to help the restaurant run smoothly. He testified that two other managers relied on him to save multiple files onto his USB drive, including petty cash log sheets, food and supply orders, receipts, and schedules. A co-manager corroborated this claim in a separate deposition. Plaintiff Nguyen claimed in a November 15 deposition that a virus had destroyed significant amounts of data from the restaurant computer around a year prior, prompting plaintiff Nguyen to start using the USB drive to download files. The restaurant's general manager also testified that managers used the drive to transfer documents from the copier/printer to the computer because the two were not directly linked. Plaintiff Nguyen claimed he did not remember when he deleted files from the USB drive, or

3

1 which files he deleted, but that he periodically deleted older files to update the drive.
2 He testified that he did not back up files for any purpose related to this lawsuit.

3     Defendant brought this motion for sanctions.

4     An order issued requesting supplemental briefing. In response, plaintiffs' counsel
5 declared that no documents from the USB drive were provided to plaintiffs' counsel, no
6 descriptions of the drive or its contents were given to counsel, and in no way did plaintiffs'
7 counsel benefit from the downloading of documents onto the USB drive. Plaintiffs' counsel
8 reiterated this at the hearing on March 15. Defense counsel, in its supplemental briefing, made
9 clear that no evidence showed that plaintiff Nguyen had deleted any documents from the
10 restaurant computer, and the only documents that were "destroyed" were those on the USB
11 drive.

12     The sanctions motion asserts that plaintiff Nguyen gave false testimony and deleted
13 the documents on the USB drive. Defendant asserts that plaintiff Nguyen engaged in self-help
14 discovery and, when caught, deleted the files. Defendant moves to: (1) dismiss plaintiff
15 Nguyen's individual claims and remove him as a proposed class representative; (2) order
16 plaintiffs to return any and all fruits of plaintiff Nguyen's self-help discovery and preclude
17 him from obtaining such documents in discovery in this action; and (3) order plaintiffs to pay
18 sanctions in the amount of attorney's fees and costs incurred.

19 **ANALYSIS**

20     District courts possess the inherent power to levy sanctions for spoliation of evidence.
21 *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The party requesting sanctions
22 bears the burden of proving, by a preponderance of the evidence, that spoliation took place.
23 *Akiona v. United States*, 938 F.2d 158 (9th Cir. 1991). To issue sanctions for spoliation, a court
24 must find that the offending party had notice that the spoliated evidence was potentially relevant
25 to the litigation. *Leon*, 464 F.3d at 959. "A party does not engage in spoliation when, without
26 notice of the evidence's potential relevance, it destroys the evidence according to its policy or in
27 the normal course of its business." *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752,
28 758 (9th Cir. 2009).

4

Plaintiff Nguyen never deleted any documents from the company computer. The deletion of files from the USB drive thus has not limited defendant in its ability to find its own records to defend this suit. Whatever documents were on the company computer are still on it, unharmed.

Defendant contends that plaintiff Nguyen purposefully deleted his resumé because it contained "key admissions" that were "directly relevant to plaintiffs' misclassification claims." The resumé, however, was not the subject of a clear document request, so plaintiff Nguyen was free to delete it before returning the USB drive.

Defendant's real gripe seems to be that plaintiff Nguyen engaged in wrongful self-help discovery and, when he was about to be caught in this improper conduct, deleted the stolen copies. So, in this sense, the spoliated evidence was the evidence of this improper conduct. Perhaps this is true. Perhaps not. It is hard to tell because he was supposed to copy a fair amount of the files as part of his job, or so some evidence indicates. Other evidence makes his conduct look suspicious. On this record, the Court is unwilling to convict plaintiff Nguyen of the alleged wrongdoing but, possibly subject to Rule 403, this evidence can be used to impeach plaintiff Nguyen at trial.

**CONCLUSION**

For the foregoing reasons, defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5