IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BENIHANA NATIONAL CORPORATION,<br><br>    Defendant.<br>_____ / | No. C 11-01272 WHA<br><br>**ORDER GRANTING DEFENDANT'S *DAUBERT* MOTION TO STRIKE DR. JOHANSON'S REPLY EXPERT DECLARATION** |

## INTRODUCTION

In this employment action, defendant challenges plaintiffs' expert's reply declaration. For the reasons stated below the motion to strike plaintiffs' expert's reply declaration is **GRANTED**.

## STATEMENT

Defendant Benihana National Corporation filed an opposition to plaintiffs' motion for class certification. The opposition included an expert report prepared by Dr. Christina Banks of Lamorinda Consulting. Dr. Banks has a Ph.D. in industrial/organizational psychology and over the course of her 35-year career has performed over one hundred job analyses, most of which involved time and motion studies. Lamorinda Consulting performed a time and motion study on Benihana managers and general managers, addressing plaintiffs' claims that they were misclassified as exempt from overtime. Dr. Banks "conducted an observational study of 14 BNC managers as part of a larger study of managers in California in BNC-owned and operated restaurants as well as restaurants owned and operated by BNC subsidiaries" (Dkt. No. 98 at ¶ 2).

1  Observations of randomly selected managers were scheduled every day of the week, "enabling at
2  least four observations on each of the seven days of the week and across all shifts" (*id.* at ¶ 21).
3  Trained observers "tracked each task performed for 10 seconds or longer and the duration of each
4  task from the beginning of the shift to the time the manager left the restaurant at the end of his/her
5  shift. Tasks were recorded on data collection sheets, and each task entry was coded as belonging
6  to one of [] 14 task areas" (*id.* at ¶ 28). In their reply brief, plaintiffs' put in a declaration by Dr.
7  George Johanson, criticizing Dr. Banks' report.

8  Defendant was granted leave to file a motion to strike the reply declaration. Defendant
9  filed its motion to strike on the grounds that Dr. Johanson is not qualified to critique time and
10 motion studies, "which he apparently has never performed," and that his opinion is "based on
11 pure speculation and conjecture" (Dkt. No. 122 at 2). Plaintiffs have opposed (Dkt. No. 128).
12 This order follows briefing and a hearing.

**ANALYSIS**

14 Defendant moves to strike the declaration of Dr. George Johanson submitted as an expert
15 reply declaration in support of plaintiffs' motion for class certification. An expert witness may
16 provide opinion testimony "if (a) the expert's scientific, technical, or other specialized knowledge
17 will help the trier of fact to understand the evidence or to determine a fact issue; (b) the testimony
18 is based on sufficient facts or data, (c) the testimony is the product of reliable principles and
19 methods, and (d) the expert has reliably applied the principles and methods to the facts of the
20 case." FRE 702.

21 District courts are charged as the gatekeepers who evaluate the admissibility of expert
22 opinion testimony. The burden rests on the party offering the expert testimony to show by a
23 preponderance of the evidence that it meets the requirements of reliability and helpfulness to the
24 trier of fact. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10, 593 (1993). Courts
25 have broad discretion in deciding whether to admit or exclude testimony pursuant to Rule 702.
26 *Kumho Tire Co. Ltd, v. Carmichael*, 526 U.S. 137, 152–53 (1999).

27 Plaintiffs urge that a *Daubert* analysis of expert testimony is inappropriate at the class-
28 certification stage. Not so. Recently, the Supreme Court stated in *Wal-Mart Stores, Inc., v.*

2

*Dukes*, 131 S. Ct. 2541, 2554 (2011), "[t]he District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings. We doubt that is so . . . ." And our court of appeals, in a post-*Dukes*, decision, likewise concluded that *Daubert* applies at the class-certification stage. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

Defendant contends that Dr. Johanson's declaration should be stricken because he is not qualified to critique Dr. Banks' time and motion study and because his declaration is based on erroneous assumptions and contains only speculation and conjecture, which is inadmissible and will not assist the Court.

Defendant challenges Dr. Johanson's qualifications to critique Dr. Banks' time and motion study. Dr. Johanson is a professor of educational research and evaluation. He is currently Emeritus Professor in the College of Education at Ohio University. He stated in his declaration, "[m]y experience makes me very qualified to opine on the design and implementation of scientific studies, particularly those in the social sciences" (Dkt. No. 128-1 at ¶ 5). Dr. Johanson has taught various courses on "research methods, research design, applied statistics, psychometrics, and survey design." He has participated in various dissertation committees. "Some of the[] dissertations [have] involve[d] the collection and analysis of observational data" and Dr. Johanson has "review[ed] and critiqu[ed] the research design of the study [discussed in the dissertation], the quality and validity of its measures, and the statistical analyses." Other dissertation committees, in which Dr. Johanson has participated, have involved students in the Industrial/Organizational psychology program. Dr. Johanson has also participated in other academic boards wherein he has been called upon to critique the research methodology described in various studies and articles (*id.* at ¶¶ 5–12).

Nowhere does the record indicate that Dr. Johanson has ever performed a time and motion observational study. Rather, his expertise is generally in research methods, statistics, psychometrics, and survey design. There is no indication in the record that Dr. Johanson has specific qualifications related to time and motion studies, having never conducted one himself.

3

Though Dr. Johanson may well be qualified in other fields, his résumé does not bear out that he is qualified to critique a time and motion study, which is specifically what is at issue here.

Defendant also argued in its motion to strike that Dr. Johanson's reply declaration was based on pure speculation and assumptions unsupported in the record. Because the order strikes Dr. Johanson's expert reply declaration on the grounds that he is not qualified to give an opinion on the reliability of Dr. Banks' report, it need not reach this issue.

**CONCLUSION**

For the foregoing reasons, defendant's motion to strike is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 26, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE