IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BENIHANA NATIONAL CORPORATION,<br><br>Defendant. | No. C 11-01272 WHA<br><br>**ORDER CERTIFYING CLASSES, APPOINTING CLASS COUNSEL, AND APPOINTING CLASS REPRESENTATIVE** |

**INTRODUCTION**

In this employment class action, plaintiffs moved for certification of two classes under Rule 23(b)(3) and one class under Rule 23(b)(2). The proposed vacation-pay terminated-employee class was previously conditionally certified under Rule 23(b)(3). Certification of the vacation-pay current-employee class under Rule 23(b)(2) was held in abeyance pending further submissions. Certification of the proposed manager class was denied. Plaintiffs have satisfied the conditions set forth in the prior order conditionally granting in part the motion for class certification and have submitted supplemental briefing. Defendant has submitted an opposition. Having considered all submissions, this order certifies two classes, appoints class counsel, and appoints a class representative for each class.

**STATEMENT**

Two types of wage claims are presented in this employment class action. The first is a misclassification claim on behalf of all salaried managers at Benihana-branded restaurants in California since February 14, 2007. Certification as to this class was denied. The second is a wage claim that arises out of defendant Benihana National Corporation's vacation policy. Plaintiffs seek to certify two classes that arise out of wage claims relating to defendant's vacation policy: (1) the vacation-pay terminated-employee class and (2) the vacation-pay current employee class.

The order conditionally granting in part plaintiffs' motion for class certification found the proposed vacation-pay terminated-employee class to be ascertainable and the Rule 23 requirements for numerosity, typicality, adequacy, commonality, predominance, and superiority to be satisfied. The order concluded, as to the proposed vacation-pay current-employee class, that the Rule 23 numerosity and commonality requirements were met and that the class was ascertainable and the claims ripe. The order also concluded that the Rule 23(b)(2) general applicability requirement was met, such that seeking injunctive and declaratory relief would be appropriate.

The prior order left three substantive issues to be resolved, pending submission of supplemental briefing: (1) whether two firms should be appointed as class counsel for the vacation-pay classes; (2) adequacy of the proposed vacation-pay current-employee class representative; and (3) inclusion of class definitions in the complaint. The order addresses each issue in turn.

**ANALYSIS**

**1. APPOINTMENT OF TWO FIRMS AS CLASS COUNSEL FOR THE VACATION-PAY CLASSES.**

The order conditionally granting in part class certification concluded that plaintiffs' counsel of record at Minami Tamaki, LLP, and Lewis Feinberg, Lee, Renaker & Jackson, P.C., would be adequate class counsel for the vacation-pay terminated-employee class and the vacation-pay current-employee class. To address the Court's concern regarding appointment of two firms as class counsel, the previous order requested that counsel submit a joint statement

2

explaining how they propose to minimize duplication of efforts and increased attorney's fees that may result from appointing two firms as class counsel.

In a joint statement directly responsive to the previous order, counsel explained that the law firms "intend to continue to perform distinct roles in order to avoid duplication of work" (Dkt. No. 148 at 3). Minami Tamaki will continue its role as being the firm primarily responsible for communicating with class members, as they have employees fluent in Japanese, and a significant number of vacation-pay class members are native Japanese speakers. Minami Tamaki will also remain primarily responsible for issues related to defendant's organizational structure. Lewis Feinberg will remain primarily responsible for issues related to plaintiffs' vacation claims and defendant's ERISA affirmative defense, as Lewis Feinberg specializes in ERISA litigation. In this instance, it will be appropriate to appoint two firms as class counsel on behalf of the vacation-pay classes. Counsel shall continue to make every effort to minimize and eliminate duplication of labor.

### 2. TYPICALITY AND ADEQUACY OF PROPOSED VACATION-PAY CURRENT-EMPLOYEE CLASS REPRESENTATIVE.

In the previous order conditionally granting in part plaintiffs' motion for class certification, Hieu Nguyen, the proposed class representative for the vacation-pay current-employee class, was found to be inadequate (Dkt. No. 142 at 22–23). Plaintiffs filed an amended complaint, as they were permitted to do, and named Rinko Donahue as a proposed intervening class representative for the vacation-pay current-employee class. Ms. Donahue has been employed as a salaried manager at defendant's Cupertino location during the entirety of the class period (Third. Amd. Compl. ¶ 12).

Plaintiffs seek certification of the following proposed vacation-pay current-employee class (Third Amd. Compl. ¶ 12):

> All persons currently employed by defendant at any Benihana-branded, teppanyaki-style restaurant in California whose rights to vacation benefits are determined according to the terms of the Vacation Benefit Plan and Summary Plan Description Prepared for Full-Time Restaurant Team Members of the Benihana Companies (as amended and restated effective as of September 12, 2011).

3

This putative class brings the following state claims: (1) unlawful forfeiture of accrued vacation pay; (2) failure to provide accurate itemized wage statements; and (3) unfair business practices.[1]

The prior order requested that plaintiffs file a motion to address the adequacy and typicality of Ms. Donahue, the new proposed class representative.

### A. Typicality.

Defendant does not challenge the typicality of Ms. Donahue's vacation-pay claims. The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the classes." A plaintiff's claims are typical if they "are reasonably co-extensive with those of absent class member; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Ms. Donahue, the proposed class representative of the vacation-pay current-employee class, has worked for defendant for over thirty years and is currently employed at the Cupertino restaurant as a manager, a position she has held since 1999 (Dkt. No. 84-47 ¶ 2). She remains so employed. As of March 11, 2012, she had accrued 55.01 vacation hours (Allen Exh. A at PLTF00243). On April 1, 2012, pursuant to the terms of the challenged vacation policy, Ms. Donahue lost accrued, unused vacation benefits. As reflected in her April 5, 2012, paycheck stub, her "available [vacation] balance was reduced from 60.78 hours to 2.89 hours without her taking any vacation during this time period or being compensated for the forfeited vacation hours" (Br. at 3; Allen Exh. B at PLTF00238).

As a current employee whose rights to vacation benefits are determined by the vacation policy at issue and whose accrued and unused vacation benefits have been forfeited as part of defendant's vacation policy, Ms. Donahue's claims are typical of those of the proposed vacation-pay current-employee class.

---

[1] The motion for class certification sought certification of a manager class and two vacation-pay classes. The complaint, however, only defined two classes. Plaintiffs were permitted to amended their complaint to include the new class definitions. In so doing, the claim for failure to pay wages on termination, previously brought by all classes, is now brought by only the manager and vacation-pay terminated-employee class. The claim is no longer asserted by the vacation-pay current-employee class.

4

### B.  Adequacy.

Defendant challenges the adequacy of Ms. Donahue to serve as a class representative on two grounds: (1) Ms. Donahue does not have sufficient knowledge of the case and (2) Ms. Donahue does not have the proper motivation to vigorously pursue the interest of absent class members.

The adequacy requirement of Rule 23(a)(4) permits certification if "the representative parties will fairly and adequately protect the interests of the class." This factor has two requirements: (1) that the proposed representative plaintiff and her counsel do not have any conflicts of interest with the proposed class and (2) that the named plaintiff and her counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. "A class representative must be a part of the class and possess the same interest and suffer the same injury as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). "A plaintiff is an inadequate representative where he is so unfamiliar with the case that he will not serve the necessary role of checking the otherwise unfettered discretion of counsel in prosecuting the suit." *Brown v. Brewer*, 2009 U.S. Dist. LEXIS 47535, at 13–14 (C.D. Cal. 2009). Defendant does not allege that there is a potential conflict between Ms. Donahue and members of the class.[2]

#### *(1)  Knowledge.*

Defendant claims that Ms. Donahue, who has been a manager at defendant's Cupertino location since 1999, does not have sufficient knowledge to serve as a class representative in this action. "The threshold of knowledge required to qualify a class representative is low; a party must be familiar with the basic elements of her claim, and will be deemed inadequate only if she is startlingly unfamiliar with the case." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N. D. Cal. 2008) (Armstrong, J.) ("It is enough that the representative understand the gravamen of the claim."). The fact that a named plaintiff is

---

[2] During her deposition on April 12, 2012, Ms. Donahue's testified that her first language is Japanese and that she has limited English proficiency (Nako Exh. A at 131). Japanese is also the first language for a "significant number of vacation-pay class members" (Dkt. No. 148 at 3). Ms. Donahue also testified during her deposition that she had hearing loss in her right ear (Nako Exh. A at 131). Neither Ms. Donahue's language capacity nor her hearing loss should impact her ability to serve as a class representative.

5

familiar with the basis of the suit and her responsibilities as class representative is sufficient to establish her adequacy. *Pina v. Con-Way Freight, Inc.*, 2012 WL 1278301, at *5 (N.D. Cal. Apr. 12, 2012) (Ware, C.J.)

Defendant points to the following isolated portions of Ms. Donahue's deposition testimony to support its argument that she does not possess sufficient knowledge of the vacation-pay current-employee class' claims. Ms. Donahue testified that defendant's present vacation policy is the same as it was in the 1980s. This is incorrect, as defendant points out, because defendant stopped paying vacation in advance in late 2009 (Nako Exh. A at 207–08). Defendant also raises the fact that Ms. Donahue did not know the meaning of the word "accrual" or the rate at which vacation is accrued. She also did not know how vacation is calculated, and defendant claims, she "did not know much" about the vacation benefits for hourly employees (Opp. at 6; Muñoz Exh. B at 208–09, 217, 255).

A class representative does not need to have "fine-grained knowledge" of her claims in order to be an adequate representative. *Californians for Disability Rights*, 249 F.R.D. at 349. The vacation-pay current-employee class alleges claims for unlawful forfeiture of accrued vacation pay, failure to provide accurate itemized wage statements, and unfair business practices. During her deposition, Ms. Donahue testified that currently, if you "don't take a vacation, you lose" (Nako Exh. A at 256). She testified, "before is better no matter what you take it or not, we know we get the vacation pay. Now we have to take the one, otherwise we lose the vacation" (*id.* at 261). Ms. Donahue also expressed that she wants defendant to have a fair vacation policy (*id.* at 260). This testimony shows that Ms. Donahue has a sufficient understanding of the fact that defendant's vacation policy changed and she also understands the ways in which it changed, an issue which is at the heart of the vacation-pay current-employee class' claims. And contrary to defendant's assertion, Ms. Donahue was able to testify during deposition to specific details about the vacation policy, such as when employees become eligible for vacation and how much vacation time they are eligible for after one and five years of employment (*id.* at 150, 151, 207).

Defendant criticizes Ms. Donahue for being unable to explain how vacation benefits are calculated and the concept of the voluntary employee benefit associations ("VEBAs"), which are

6

relevant to defendant's affirmative defense. Ms. Donahue has a sufficient understanding of the legal claims against defendant and need not be fluent with the technical legal issues in order to adequately represent the class.

Ms. Donahue also expressed that she understands her role as a class representative to be "like a leader" and that she is seeking to represent all employees in California (at first, she stated she was only seeking to represent managers, but then clarified that she would be representing managers and hourly employees) (*id*. at 254, 274). Ms. Donahue testified that she wants "to help the employees that they have abandoned their vacation pay" (*id*. at 259).

Ms. Donahue's has read the letters defendant sent regarding the change in vacation policy, she has discussed the policy with other Benihana employees, and understands who she will be representing (*id*. at 143, 150, 254, 274). The deposition testimony demonstrates that she possesses a sufficient understanding of the legal claims asserted by the vacation-pay current-employee class to be an adequate class representative for that class.

### *(2)    Vigorous Advocacy.*

Defendant argues that Ms. Donahue became a representative plaintiff because she has "unique motives" unrelated to the underlying vacation-pay claims for becoming a representative plaintiff, namely, that she was given a write-up in January 2012, based on a customer complaint she believed to be retaliatory. Because of her "unique motives," defendant contends that Ms. Donahue does not have "a sufficient interest in the outcome of the vacation-pay claims to ensure vigorous advocacy on behalf of the class" (Opp. at 6–7).

Our court of appeals has held that a plaintiff is inadequate to serve as a class representative when there is "evidence of vindictiveness to such an extent that [she] cannot adequately represent the class. *Kayes v. Pac. Lumber Co.,* 51 F.3d 1449, 1464 (9th Cir. 1995). The court explained, "[t]he reason we consider vindictiveness as a factor in evaluating adequacy of representation is to render ineligible individuals who possess animus that would preclude the possibility of suitable settlement." *Ibid.* (noting at the time of its decision in 1995, there had "been no cases in this circuit in which a plaintiff has been found to be an inadequate class representative on the basis of vindictiveness"). There is no evidence Ms. Donahue would be

7

unwilling to consider a suitable settlement in this action or otherwise fulfill her role as a class representative. Indeed, Ms. Donahue has testified she wants "to help the employees that they have abandoned their vacation pay" (Nako Exh. A at 259).

Defendant further contends that Ms. Donahue would not pursue the interests of the class with adequate vigor because she does not care about forfeiting her vacation. In support of this argument, defendant points to the following statement Ms. Donahue made during her deposition: "If they don't wanna pay, I don't mind" (Nako Exh. A at 143–44). Review of the deposition testimony, however, shows that Ms. Donahue was not stating that she did not care about forfeiting her vacation, as defendant has suggested, rather, she had no time to use it before April 1, 2012, the date it would be forfeited.

Ms. Donahue, who has been employed by defendant for thirty years, is subject to the challenged vacation policy, and who has submitted a declaration and submitted to a deposition, has a sufficient interest in the outcome of this action to ensure vigorous advocacy on behalf of the class. Ms. Donahue is an adequate representative for the vacation-pay current-employee class.

### 3. CLASS DEFINITIONS.

The prior order instructed plaintiffs to amend their complaint to include the class definitions for the vacation-pay terminated-employee class and the vacation-pay current-employee class, as defined in the motion for class certification. Plaintiffs have so amended.

The proposed class definitions are as follows:

> Vacation-Pay Terminated-Employee Class: All persons who were employed by defendant at any Benihana-branded, teppanyaki-style restaurant in California during the Class Period for more than one year, and terminated after November 1, 2009.
>
> Vacation-Pay Current-Employee Class: All persons currently employed by defendant at any Benihana-branded, teppanyaki-style restaurant in California whose rights to vacation benefits are determined according to the terms of the Vacation Benefit Plan and Summary Plan Description Prepared for Full-Time Restaurant Team Members of the Benihana Companies (as amended and restated effective as of September 12, 2011).

The class period is designated as four years prior to the filing of the original complaint, filed on February 14, 2011.

8

**CONCLUSION**

For all of the above-stated reasons, plaintiff's motion for class certification is **GRANTED IN PART**.

The following vacation-pay terminated-employee class is **CERTIFIED** under Rule 23(b)(3) to pursue claims for unlawful forfeiture of accrued vacation pay, failure to pay wages on termination, failure to provide accurate itemized wage statements, and unfair business practices against defendant Benihana National Corporation:

> All persons who were employed by defendant at any Benihana-branded, teppanyaki-style restaurant in California during the Class Period for more than one year, and terminated after November 1, 2009.
>
> Excluded from the class is Benihana, its officers, directors, and Regional Managers.

The following vacation-pay current-employee class is **CERTIFIED** under Rule 23(b)(2) to pursue claims for unlawful forfeiture of accrued vacation pay, failure to provide accurate itemized wage statements, and unfair business practices against defendant Benihana National Corporation:

> All persons currently employed by defendant at any Benihana-branded, teppanyaki-style restaurant in California whose rights to vacation benefits are determined according to the terms of the Vacation Benefit Plan and Summary Plan Description Prepared for Full-Time Restaurant Team Members of the Benihana Companies (as amended and restated effective as of September 12, 2011).
>
> Excluded from the class is Benihana, its officers, directors, and Regional Managers.

The class definitions shall apply for all purposes, including settlement. Tetsuo Akaosugi is **APPOINTED** as class representative for the vacation-pay terminated-employee class. Rinko Donahue is **APPOINTED** as class representative for the vacation-pay current-employee class.

Pursuant to Rule 23(g), Attorneys Jack W. Lee, Brad Yamauchi, and Kevin R. Allen of the Minami Tamaki, LLP, firm and Daniel Feinberg and Lindsay Nako of the Lewis Feinberg, Lee, Renaker & Jackson, P.C., firm are hereby **APPOINTED** as class counsel for all plaintiff classes. Minami Tamaki, LLP and Lewis Feinberg, Lee, Renaker & Jackson, P.C., must make a conscious effort to reduce and eliminate duplication of efforts.

The next step is for counsel to submit an agreed-on form of class notice and plan of dissemination by **NOON ON MAY 24, 2012**. The parties will need to work together to generate a class list for each of the certified classes to be used in disseminating class notice.

**IT IS SO ORDERED.**

Dated: May 10, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE