IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE, on behalf of themselves and all others similarly situated, <br><br>   Plaintiffs, <br><br>  v. <br><br> BENIHANA NATIONAL CORPORATION, <br><br>   Defendant. | No. C 11-01272 WHA <br><br> **ORDER RE REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AND FOR RELIEF FROM ORDER REQUIRING SUBMISSION OF EXPERT CLASS DAMAGES REPORT** |

The parties have submitted a request to extend the deadline to file the motion for approval of the proposed settlement agreement from June 18, 2012, to June 25, 2012. The reason is that lead defense counsel was out of town on business until June 12, and the parties are in the process of circulating the memorandum of understanding, which was finalized on June 12, for signature. This week-long extension is **GRANTED**. The motion must be filed by **5 P.M. ON JUNE 25**.

By order dated June 5, the parties were required to submit a final damages expert report with the motion for approval so the Court can review the percentage recovery for the class. The parties now seek relief from that requirement, as "[t]he parties do not believe retention of an outside expert is necessary in order to prepare class damage reports, or that the cost of an expert must be incurred in order to obtain accurate class damage reports for purposes of settlement" (Dkt. No. 162 at 3). The parties did not retain an expert in order to prepare the potential damages calculation for the settlement conference.

1  The parties have submitted a declaration by Philip Wells, office manager at Lewis, Feinberg, Lee, Renaker & Jackson, P.C., the firm serving as co-counsel for plaintiffs and the plaintiff classes in this action.  Mr. Wells states that one of his duties is to assist counsel in the preparation of damages calculations for use in litigation, mediation, and settlement conferences. Mr. Wells states that "in [his] experience, cases regarding vacation pay, like the present action, involve straightforward damages calculation.  The damages calculation requires only basic employee data, knowledge of terms of the governing vacation policy, and the ability to input Excel formulas in a manner that allows for uniformly accurate calculations" (Wells Decl. ¶ 4). Defendant has apparently provided Mr. Wells with the data he needs in order to make the damages calculations.  Defendant Benihana National Corporation's director of benefits program has also prepared a calculation of potential damages.

The Court will permit the parties to submit a final damages report prepared by employees of either defendant BNC or class counsel's law firm along with a joint motion for approval of the proposed settlement agreement.  The report must state any assumptions made in the damages calculations.  The parties have indicated that they have prepared damages calculations for the class claims for vacation wages and statutory interest but not for the inaccurate wage statement and waiting time penalty claims because the "plaintiffs agreed to forego inaccurate wage statement and waiting time penalties, in order to obtain virtually all of the vacation wages and interest that they allege are owed to the Vacation-Pay Classes" (Dkt. No. 162 at 3).  The damages report must include damages calculations for the inaccurate wage statement and waiting time penalty claims, and any other damages calculations for claims plaintiffs decided to forego so the Court can have a complete picture of all potential damages when reviewing the motion for approval.

**IT IS SO ORDERED.**

Dated: June 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2