IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BENIHANA NATIONAL CORPORATION,<br><br>Defendant. | No. C 11-01272 WHA<br><br>**ORDER CERTIFYING SETTLEMENT CLASS, AUTHORIZING NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT, AND SETTING FINAL FAIRNESS HEARING** |

The Court has reviewed the proposed class settlement and addendum to the settlement and hereby directs notice be given to class members, so that a final fairness hearing can be held and a determination made as to whether to approve the proposed settlement and how much to award class counsel for fees and costs. A fairness hearing will be held at **3:00 P.M. ON JANUARY 24, 2013**, in Courtroom 8, on the 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

**1.    Certification of Settlement Class.**

By order dated May 10, 2012, a vacation-pay terminated-employee class was certified under Rule 23(b)(3) to pursue claims for unlawful forfeiture of accrued vacation pay, failure to pay wages on termination, failure to provide accurate itemized wage statements, and unfair business practices against defendant BNC (Dkt. No. 154 at 9). Also certified was a vacation-pay current-employee class under Rule 23(b)(2) to pursue claims for unlawful forfeiture of accrued vacation pay, failure to provide accurate itemized wage statements, and unfair business practices

against defendant BNC. The class definitions as stated in the certification order were to apply for settlement. Now the parties seek re-certification of the current-employee class for settlement purposes only. The reason is that previously the class sought injunctive relief but the proposed settlement does not. Instead, the proposed settlement will provide members of the current-employee class with a monetary payment based on the number of vacation hours they forfeited on April 1, 2012.

The parties request certification of the following settlement class:

> All persons currently employed by Defendant at any Benihana-branded, teppanyaki-style restaurant in California whose rights to vacation benefits are determined according to the terms of the Vacation Benefit Plan and Summary Plan Description Prepared for Full-Time Restaurant Team Members of the Benihana Companies (as amended and restated effective as of September 12, 2011); excluding Benihana officers, directors, Regional Managers, and any person hired after September 11, 2011, who has not been made a full-time employee and thus eligible for vacation pay.

This definition differs from the previously certified current-employee class definition in that it also excludes from the class persons hired after September 11, 2011, who have not been made full-time employees and thus eligible for vacation pay. The parties seek to certify the same claims as previously certified for the current-employee class. They seek to appoint current class counsel as counsel for the new proposed settlement class and to appoint plaintiff Rinko Donahue as class representative. Donahue currently serves as class representative for the current-employee class certified in the May 10 order.

There are no changes to the proposed current-employee settlement class that require re-examination of the Court's previous Rule 23(a) or 23(g) analyses and findings (Dkt. Nos. 142, 154).

Rule 23(b)(3) requires that plaintiffs show common questions of law and fact "predominate over any questions affecting only individual members." This "inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler*, 150 F.3d 1011, 1022 (9th Cir. 1998). Like the vacation-pay terminated-employee class, which was certified under Rule 23(b)(3), there are significant questions of law and fact common to the current-employee proposed settlement class — namely whether BNC's

2

1  vacation policy requires forfeiture of accrued vacation pay in violation of California Labor Code

2  § 227.3, and whether BNC's VEBA vacation account creates an employee benefit plan under

3  ERISA, such that plaintiffs' state law wage claims are preempted by federal statute.  Common

4  issues will predominate and the class action method will be superior to adjudication of individual

5  claims for the proposed class.

6      The class period will remain the same, designated as four years prior to the filing of the

7  original complaint, filed on February 14, 2011 (Dkt. No. 154 at 8).

8      The following vacation-pay current-employee class is **CERTIFIED** under Rule 23(b)(3) to

9  pursue claims for unlawful forfeiture of accrued vacation pay, failure to provide accurate

10 itemized wage statements, and unfair business practices, for settlement purposes only:

> All persons currently employed by Defendant at any Benihana-branded, teppanyaki-style restaurant in California whose rights to vacation benefits are determined according to the terms of the Vacation Benefit Plan and Summary Plan Description Prepared for Full-Time Restaurant Team Members of the Benihana Companies (as amended and restated effective as of September 12, 2011); excluding Benihana officers, directors, Regional Managers, and any person hired after September 11, 2011, who has not been made a full-time employee and thus eligible for vacation pay.

16     Rinko Donahue is **APPOINTED** as class representative for the current-employee class.

17 Pursuant to Rule 23(g), Attorneys Jack W. Lee, Brad Yamauchi, and Kevin R. Allen of the

18 Minami Tamaki, LLP, firm and Daniel Feinberg and Lindsay Nako of the Lewis Feinberg, Lee,

19 Renaker & Jackson, P.C., firm are hereby **APPOINTED** as class counsel for all plaintiff

20 classes.

21     To be clear, this certification is for settlement purposes only.  The previous current-

22 employee class will not be de-certified without a formal motion for de-certification.

23     **3.**    **CLAIMS ADMINISTRATOR.**

24     The parties propose to use Simpluris, Inc., as the claims administrator.  The parties

25 propose the claims administrator will print and distribute class notice, administer the settlement,

26 resolve class member disputes, challenges, and corrections to the settlement, distribute the

27 settlement sum, and perform tax withholding, reporting, and deposits related to the settlement.

28

The use of a claims administrator for these tasks is approved. Defendant BNC shall provide the claims administrator with a class list by **SEPTEMBER 19, 2012**.

### 4. NOTICE.

The parties seek approval of a notice of proposed class action settlement. A revised version of the proposed form of class notice is appended to this order. The notice has been modified as follows:

- All references to preliminary approval have been eliminated.
- The settlement class definitions have been included.
- The Section titled "Do Nothing" has been revised to clarify that class members will give up some claims in exchange for a possible settlement award.
- The Court address has been updated.
- The calculations regarding the potential full recovery for each class has been added.

The parties have until **AUGUST 24, 2012**, to object or suggest revisions to the form of notice. The administrator shall mail class notice by **11:59 P.M. ON OCTOBER 3, 2012**.

### 5. DEADLINE TO OBJECT.

Class members may object to any part of any settlement. All objections must be made in writing and mailed to the address stated in the notice. The objections must be postmarked on or before **11:59 P.M. ON NOVEMBER 20, 2012**. Class members who mail in written objections will also have an opportunity to speak at the fairness hearing and raise their objection, though, this is not required. If the parties seek to file responses to any objections received, they must do so by **JANUARY 14, 2013**.

### 6. DEADLINE TO OPT-OUT.

Class members who wish to exclude themselves from the settlement must do so in writing by submitting a signed and dated opt-out request to the address set forth in the notice. The opt-out statement must be postmarked on or before **11:59 P.M. ON NOVEMBER 20, 2012**.

4

7. **MOTION FOR ATTORNEY'S FEES AND COSTS AND MOTION FOR FINAL APPROVAL OF SETTLEMENT.**

The motion for attorney's fees will be heard at **3:00 P.M. ON JANUARY 24, 2013**, the same day as the final fairness hearing. The motion for final approval of the settlement must be filed by **JANUARY 2, 2012**.

*       *       *

The parties must raise any objection to the deadlines set forth herein or to the notice appended hereto by **AUGUST 24, 2012.**

**IT IS SO ORDERED.**

Dated: August 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE