IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE,

    Plaintiffs,

  v.

BENIHANA, INC., dba BENIHANA NATIONAL CORPORATION,

    Defendant.
                                    /

No. C 11-01272 WHA

**FINAL PRETRIAL ORDER**

    **FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

    1. This case shall go to a **JURY TRIAL** on **TUESDAY OCTOBER 9, 2012**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2. Rulings on the motions *in limine* are summarized in the accompanying order, filed herewith.

    3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

    4.      The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

    5.      A jury of **8 PERSONS** shall be used.

    6.      Each side shall have **12 HOURS TOTAL** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.), divided as follows:

    A)      Phase one of the trial shall address defendant's affirmative defenses regarding its administrative exemption defense and its executive exemption defense. With respect to defendant's executive exemption defense, the parties shall address the single element not deemed established by the order granting in part defendant's motion for summary judgment (whether plaintiffs were primarily engaged in duties which meet the test of the exemption). Each side shall have **9 HOURS** for phase one.

    B)      Phase two of the trial shall address the remaining issues, including plaintiffs' claims for overtime wages, meal periods, and rest breaks. Each side shall have **3 HOURS** for phase 2, plus any unused time from phase one.

Opening statements and closing arguments shall not count against the limit. Each side shall have **30 MINUTES EACH FOR OPENING STATEMENTS** for phase one of the trial. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

    7.      The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: October 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE