United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI,<br><br>    Plaintiff,<br><br>  v.<br><br>BENIHANA INC,<br><br>    Defendant.<br>———————————————————/ | No. C 11-01272 WHA<br><br>**ORDER ON MOTIONS IN LIMINE** |

    The Court has before it defendant and plaintiffs' motions in limine and the oppositions thereto. Having heard the parties' arguments at the final pretrial conference, the Court orders as follows.

### **DEFENDANT'S MOTIONS**

    Defendant's motion for administrative relief regarding order of proof at trial (Dkt. No. 178) is **GRANTED TO THE FOLLOWING EXTENT**. The trial shall be bifurcated into two phases as described in the final pre-trial order. With respect to phase one, defendant has the burden of proof on its affirmative defenses regarding whether plaintiffs qualify for the administrative exemption and/or executive exemption. Defendant shall go first in phase one. With respect to phase two, plaintiff has the burden of proof on whether and in what amount they are entitled to recover on their claims for overtime pay, meal periods, and rest breaks. Plaintiffs shall go first in phase two.

Defendant's Motion *In Limine* No. 1

Defendant's motion *in limine* number one to exclude the introduction of the March 9, 2007 memorandum by Taka Yoshimoto is **DENIED**.

Defendant's Motion *In Limine* No. 2

Defendant's unopposed motion *in limine* number two to exclude plaintiffs' testimony about and evidence of the parties' settlement discussions and settlement agreement related to the vacation pay classes is **GRANTED**.

Defendant's Motion *In Limine* No. 3

Defendant's motion *in limine* number three moves to exclude evidence of plaintiffs' undisclosed damages and damages calculations on the ground that plaintiffs did not provide detailed damages calculations or break-downs during discovery. Defendant argues the figures plaintiff did disclose in their amended interrogatory response were inadequate because they do not identify the assumptions made in the calculation, are not broken down by claim, and do not include explanations such as the dates used to calculate interest. Defendant further contends that only where a party puts forth a damages expert can it avoid providing a complete and detailed calculation of damages under Rule 26.

Plaintiffs' amended interrogatory response is inadequate and fails to meet their burden regarding their damages claims. At the hearing, plaintiffs' counsel were ordered to provide to defendant a one-page document for each plaintiff listing in detail that individual's claim for damages, due by **6 P.M. ON OCTOBER 1**, a deadline suggested by plaintiffs' counsel. It was further ordered that each plaintiff must sign the document, verifying its accuracy. Defendant may file a further brief explaining any prejudice by the late disclosure of plaintiffs' damages figures by **NOON ON OCTOBER 3**. The Court otherwise reserves ruling on defendant's motion *in limine* number three at this time.

Defendant's Motion *In Limine* No. 4

Defendant's motion *in limine* number four to exclude testimony and evidence of plaintiffs' claimed economic damages is **DENIED IN PART**. To the extent that the basis for the damages claim is disclosed in the one-page documents described above, plaintiffs may testify

2

1  regarding the hours they worked. As stated above, however, the Court declines to rule on the
2  adequacy of plaintiffs' damages disclosures under Rule 26 at this time.

Defendant's Motion *In Limine* No. 5

Defendant's motion *in limine* number five to exclude the testimony of plaintiffs' witnesses not previously disclosed in discovery is **GRANTED IN PART**. Plaintiffs indicated that, of the witnesses listed by defendant as identified in the pre-trial disclosures but not identified in prior discovery, they intend to call only two: Divinia Alberto and Mori Mitsuri. Plaintiffs may call these two witnesses provided that they stand for deposition this week. Plaintiffs are ordered to produce Ms. Alberto and Mr. Mitsuri for deposition on **WEDNESDAY, OCTOBER 3**. Both sides shall pay for their own attorneys' fees, but plaintiffs must pay for the court reporter, including for an expedited transcript. If plaintiffs drop these two witnesses for trial, they need not be deposed. All other witnesses that were not properly disclosed in plaintiffs' initial disclosures or interrogatory responses may not testify at trial.

**PLAINTIFFS' MOTIONS IN LIMINE**

Plaintiffs' Motion *In Limine* No. 1

Plaintiffs' motion *in limine* number one to exclude any reference to defendant's motion for summary judgment or the order granting motion for summary judgment and elements of executive exemption that are no longer at issue is **DENIED.** The elements of defendant's executive exemption defense on which summary judgment was granted are deemed established and will be told to the jury. Specifically, it is deemed established that: plaintiffs are employees (1) whose duties and responsibilities involve the management of the enterprise in which they are employed or of a customarily recognized department or subdivision thereof; (2) who customarily and regularly direct the work of two or more other employees therein; (3) who have the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement promotion or any other change of status of other employees will be given particular weight; (4) who customarily and regularly exercises discretion and independent judgment; and (5) who earn a monthly salary equivalent to no less than two times

the state minimum wage for full-time employment. *See* 8 C.C.R. § 11050; California Industrial Welfare Commission Order No. 5-2001.

Plaintiffs' Motion *In Limine* No. 2

Plaintiffs' motion *in limine* number two to exclude any reference that this matter had been filed as a class action is **GRANTED AS FOLLOWS**. Defendant has not established the relevance of the fact that this action was initially filed as a class action. References to this topic will be excluded unless one party opens the door to such evidence or it becomes highly relevant. Pending further order of the Court, no reference will be made that this action was ever a class action.

Plaintiffs' Motion *In Limine* No. 3

Plaintiffs' motion *in limine* number three to exclude reference to a related case, *Cabe, et al. v. Benihana National Corporation*, is **DENIED**. If plaintiffs from that action testify in this trial, defendants may bring up the fact that they have their own lawsuit against defendant.

Plaintiffs' Motion *In Limine* No. 4

Plaintiffs' motion *in limine* number four to exclude reference to plaintiff Ted Akaosugi holding the position of regional manager is **DENIED**.

Plaintiffs' Motion *In Limine* No. 5 and 7

Plaintiffs' motion *in limine* number five to exclude defendant's expert Dr. Christina Banks' testimony and time and motion study is **DENIED**. Plaintiffs will have the opportunity to cross-examine the expert at trial. Plaintiffs' motion *in limine* number seven to exclude the testimony of Raymond Banks is **DENIED IN PART**. As Mr. Banks was not timely disclosed and was never deposed, plaintiffs may take the deposition of Mr. Banks on **FRIDAY, OCTOBER 5**. Both parties shall pay their own attorneys' fees, but defendant must pay for the court reporter, including for an expedited transcript.

Plaintiffs' Motion *In Limine* No. 6

Plaintiffs' motion in limine number six to exclude reference to or evidence of Hieu Nguyen's alleged deletion of files is **DENIED IN PART**. Subject to eventual cutoff under Rule 403, defendant may introduce evidence on this topic, including by calling an expert witness to

4

testify. Although the Court denied defendant's motion for sanctions due to alleged spoliation, the lesser remedy of demonstrating to the jury that the witness has allegedly destroyed evidence is still available. Defendant may not, however, represent to the jury that the Court has made some finding on the matter and may not discuss the Court's rulings on defendant's motion with the jury.

**IT IS SO ORDERED.**

Dated: October 2, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE