IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE,

    Plaintiffs,

  v.

BENIHANA, INC., dba BENIHANA NATIONAL CORPORATION,

    Defendant.
                                       /

No. C 11-1272 WHA

**COURT'S PROPOSED CHARGE TO THE JURY**

**AND SPECIAL VERDICT FORM**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on October 12, 2012, for discussion with the Court at the charging conference on **OCTOBER 15 AT 7:30 A.M.** Although counsel have filed numerous proposed instructions, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after

the verdict that a proposed instruction filed earlier in the proceedings somehow fell by the wayside. Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN,
and RINKO DONAHUE,

      Plaintiffs,

  v.

BENIHANA, INC., dba BENIHANA NATIONAL
CORPORATION,

      Defendant.

No. C 11-1272 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, whether presented in person or by depositions;

2. The exhibits received into evidence; and

3. Any stipulated facts.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose;

where I have given a limiting instruction, you must follow it.

    4.    Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

    1.    The opportunity and ability of the witness to see or hear or know the things testified to;

    2.    The quality of the witness' memory;

    3.    The witness' manner while testifying;

    4.    The witness' interest in the outcome of the case and any bias or prejudice;

    5.    Whether other evidence contradicted the witness' testimony;

    6.    The reasonableness of the witness' testimony in light of all the evidence; and

    7.    Any other factors that bear on believability.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence. You should base your decision on all of the evidence regardless of which party presented it.

7.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

9.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall

and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

10.

You have heard evidence about possible misconduct by some plaintiffs. There is no issue in this case concerning whether any employee was a good or bad employee. You may, however, consider these circumstances in evaluating the credibility of witnesses.

11.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

12.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

13.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, or officers performed within the scope of authority.

An agent is a person who performs services for the corporation under an express or implied agreement and who is subject to its control or right to control the manner and means of performing the services. One may be an agent without receiving compensation for services.

All parties are equal before the law and a corporation is entitled to the same fair and

conscientious consideration by you as any individual.

14.

This is not a class action. This case involves only three plaintiffs.

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

15.

Now I will address the burden of proof. In this case, the preponderance of the evidence standard applies on all sides, so whoever has the burden of proof on an issue must carry that issue by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on the issue. Preponderance of the evidence basically means "more likely than not."

16.

I will now turn to the law that applies to this case. *First,* I will give you a brief summary of the claims and defenses at issue in this case. Plaintiffs Akaosugi, Nguyen, and Donahue claim that defendant Benihana did not properly compensate them for their work at Benihana restaurants. Plaintiffs claim that they were not paid overtime wages and were denied meal-and-rest breaks. California state law requires that employees be paid overtime wages and be provided meal-and-rest break periods, unless an exemption applies. Benihana contends that plaintiffs were properly classified as exempt executive or administrative employees. Employees who qualify as exempt under the executive or administrative exemption are not entitled to overtime or meal-and-rest break benefits.

This trial is divided into two phases. The basic issue for phase one is whether defendant Benihana properly classified plaintiffs as exempt employees not entitled to receive overtime wages and meal-and-rest breaks. If plaintiffs were properly classified, then they were not

entitled to overtime wages or meal-and-rest benefits.

In phase one of this trial, you must decide whether defendant Benihana properly classified each plaintiff. Depending on your decision, we will proceed to phase two of the trial. If you determine that a plaintiff was properly classified as exempt, he or she will not be entitled to any damages in this action and the trial will be over as to that plaintiff. If, however, you determine that a plaintiff was not properly classified, we will proceed to phase two. Phase two of the trial will address the amount of overtime wages and meal-and-rest break benefits due to any plaintiff you find was improperly classified. After the close of evidence in phase two, I will instruct you further as to the calculation of damages.

17.

Benihana bears the burden of proving that each plaintiff was properly classified as an exempt executive employee or as an exempt administrative employee. If Benihana does not prove by a preponderance of the evidence that a plaintiff was exempt, that plaintiff is entitled to overtime wages and meal-and-rest break benefits, according to proof based on evidence yet to be presented in phase two of this trial.

18.

There are two exemptions argued for by Benihana. First I will address the executive exemption. In order to prove that a plaintiff is exempt from overtime or meal-and-rest-break benefits under the executive exception, Benihana must prove that all requirements of the executive exemption test applied to that plaintiff. Five of the six requirements have already been established in this action. The single issue left for you to decide is whether each plaintiff was "primarily engaged in duties which meet the test of the exemption." I will explain this element in further detail in a moment.

For your background information, the elements of the executive exemption defense that have already been established as to each plaintiff in this action are the following:

> *First*, plaintiff earned a monthly salary equivalent to no less than two times the state minimum wage for full-time employment. Full-time employment is defined as 40 hours per week.

*Second*, plaintiff's duties and responsibilities involved the management of a Benihana restaurant, or of a customarily recognized department or subdivision thereof.

*Third*, plaintiff customarily and regularly directed the work of two or more other employees therein.

*Fourth*, plaintiff had the authority to hire or fire other employees, or his or her suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees were given particular weight.

*Fifth*, plaintiff customarily and regularly exercised discretion and independent judgment.

19.

You must decide whether Benihana has proven, by a preponderance of evidence, whether each plaintiff was primarily engaged in duties which meet the test of the executive exemption while he or she was employed at Benihana.

The "primarily engaged" requirement for the executive exemption means that a plaintiff must spend more than 51% of their time on managerial tasks in any given work week. Put differently, it is established that the plaintiffs performed at least some executive functions so as to satisfy the five factors. For each plaintiff, you must decide whether Benihana has proven that those functions accounted for more than 51% of any given work week.

The term "duties which meet the test of the exemption" refers to tasks an employee performs that are exempt. Generally, exempt duties include, but are not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or food and beverages to be bought, stocked and sold; controlling the flow and distribution of materials or food, beverages, and other supplies;

providing for the safety of the employees and the property; ensuring employees comply with company policies; and supervising employee performance of customer service.

Exempt work includes plaintiff's actual management of the restaurant and the supervision of the restaurant's employees as well as activities which are closely associated with the performance of such managerial functions. By way of illustration, a manager on the dining room floor who is directly observing the work of employees under his supervision to determine the effectiveness of their sales techniques, checking on the quality of customer service being given, or observing customer preferences and reactions, is performing work which is directly and closely related to his managerial and supervisory functions. These types of tasks would therefore be considered "exempt."

On the other hand, non-exempt work generally consists of work of the same nature as that performed by non-exempt hourly employees. In this action, hourly employees at Benihana included hosts, servers, bussers, bartenders, chefs, kitchen helpers, utility people, and dishwashers. Tasks typically performed by hourly employees such as bussing tables, cleaning, pouring water for guests, preparing food, processing payments, and seating and serving guests are generally non-exempt, unless done for supervisory training or demonstration purposes.

Benihana must prove by a preponderance of the evidence that each plaintiff spent more than 51% of his or her work time on exempt tasks in any given work week. In making this determination, you should consider, first and foremost, the work each plaintiff actually performed during the course of a work week and the amount of time the plaintiff spent on such work, together with Benihana's realistic expectations and the realistic requirements of the job.

While you may consider each plaintiff's job titles and job descriptions, these are not determinative as to whether the particular plaintiff meets the exemption requirements.

20.

The second exemption argued for by Benihana is the administrative exemption. In order to prove that a plaintiff is exempt from overtime wages and meal-and-rest-break benefits under the administrative exception, Benihana must prove that all requirements of the administrative exemption test applied to that plaintiff. I will first read to you the five requirements of the

administrative exemption, then describe them in more detail later.

Benihana must prove, by a preponderance of the evidence, that each plaintiff met the following requirements while he or she was employed at Behinaha:

1) Plaintiff's duties and responsibilities involved the performance of office or non-manual work directly related to management policies or general business operations of Benihana.

2) Plaintiff customarily and regularly exercised discretion and independent judgment.

3) Plaintiff earned a monthly salary equivalent to no less than two times the state minimum wage for full-time employment. Full–time employment is defined as 40 hours per week.

4) Plaintiff fulfilled *one* of the following criteria:
   a. Regularly and directly assisted a proprietor, or an employee employed in a bona fide executive or administrative capacity; or
   b. Performed under only general supervision work along specialized or technical lines requiring special training, experience or knowledge; or
   c. Executed special assignments and tasks under only general supervision.

5) Finally, plaintiff must have been "primarily engaged" in duties that meet the test of the exemption while he or she was employed at Benihana.

For purposes of the administrative exemption, none of these factors has been previously established in this case.

21.

The requirement that plaintiff's duties and responsibilities involved the performance of office or non-manual work directly related to Benihana's management policies or general business operations refers to types of activities relating to the administrative operations of Benihana. This is different from activities related to food production or serving customers in the dining room. The administrative operations of the business include the work performed by white-collar employees engaged in "servicing" a business as, for example, advising the

management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control. Additionally, a plaintiff must have performed work of substantial importance to the management or operations of Benihana. If you find that a plaintiff's work consisted of routine clerical duties, you must find that Benihana has not carried its burden of proof as to this requirement.

In order to find that the administrative exemption applies to each plaintiff, you must find that the type of work a plaintiff performed while at Benihana was office work or nonmanual work. A plaintiff could, however, perform some manual work that is directly and closely related to his or her exempt administrative work. In that case, the administrative exemption would still apply to that plaintiff.

In determining whether a plaintiff customarily and regularly exercised discretion and independent judgment, you should consider whether that plaintiff had the authority or power to make an independent choice, free from immediate direction or supervision. A plaintiff must have exercised independent choice as to matters of significance. On the other hand, if you find that a plaintiff merely applied his or her knowledge in following prescribed procedures or determining which procedures to follow, you must find that Benihana has not met its burden of proof on this element for that particular plaintiff.

You must decide whether Benihana has proven, by a preponderance of evidence, that a plaintiff was "primarily engaged" in exempt administrative work while he or she was employed at Benihana. The term "primarily engaged" means that Benihana must prove that each plaintiff spent more than 51% of his or her actual work time during any given work week performing exempt administrative tasks. You should consider, first and foremost, the work each plaintiff actually performed during the course of a work week and the amount of time each plaintiff spent on such work, together with Benihana's realistic expectations and the realistic requirements of the job.

While you may consider the plaintiff's job titles and job descriptions, these are not

determinative as to whether the particular plaintiff meets the exemption requirements.

22.

Both sides agree that the plaintiffs were or are employed at Benihana as follows:

Mr. Tetsuo Akaosugi was employed as a general manager in the San Francisco restaurant from September 7, 2009 through August 8, 2010.

Mr. Hieu Nguyen was employed as a manager in the Cupertino restaurant from September 1, 2009 to the present.

Ms. Rinko Donahue was employed as a manager in the Cupertino restaurant from February 17, 2008 to the present.

These time periods will sometimes be referred to as the employment period in question.

23.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations. Although the special verdict form analyzes the questions in order of each plaintiff, you may consider the questions out of sequence so long as your answers conform to the directions on the form requiring an answer as to each plaintiff.

24.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

25.

When you retire to the jury room to deliberate, you will soon receive the following things:

    1.    All of the exhibits received into evidence;

    **2.**    **[AN INDEX OF THE EXHIBITS IF THE LAWYERS ARE ABLE TO STIPULATE AS TO ITS FORM];**

    3.    A work copy of these jury instructions for each of you;

    4.    A work copy of the verdict form for each of you; and

    5.    An official verdict form.

Remember that none of these items are evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

26.

In your deliberations it is usually premature to take a straw vote early on.  This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table before anyone expresses a vote.  These are merely recommendations, however, and it is entirely up to you to decide on how you wish to deliberate.

27.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, via the Marshal, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

28.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let us know via note what hours you will be deliberating so that we may conform our schedule to yours.

29.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

30.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a

1  verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the
2  courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is
3  now in your hands.  You may now retire to the jury room and begin your deliberations.

6  Dated:  **[TO BE SIGNED AND DATED
   ONLY AFTER INSTRUCTIONS HAVE BEEN**      W<small>ILLIAM</small> A<small>LSUP</small>
7  **READ TO THE JURY]**      U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>