IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE,<br><br>Plaintiffs,<br><br>v.<br><br>BENIHANA, INC., dba BENIHANA NATIONAL CORPORATION,<br><br>Defendant. | No. C 11-1272 WHA<br><br>**MEMORANDUM OPINION RE HOLDING DEFENDANT EMPLOYER TO LAW ARGUED IN OPPOSITION TO CLASS CERTIFICATION** |

This memorandum opinion addresses an attempt to have it both ways. In this action for overtime wages and meal-and-rest break benefits, plaintiffs moved to certify a class of allegedly misclassified manager employees. In opposition, defendant argued that class certification should be denied, in part because a "week-by-week analysis" would be required. Specifically, defendant argued that, under California law regarding exemptions from overtime wage requirements, "[t]he 'primarily engaged' prong requires a week-by-week analysis of how each employee spent his or her time" (Dkt. No. 94 at 10). Defendant cited a decision of our federal court of appeals, which stated that California courts have construed this requirement to mean that the employees spend over half their time "on managerial tasks in any given workweek." *Marlo v. UPS, Inc.*, 639 F.3d 942, 948 (9th Cir. 2011) (citing *Dunbar v. Albertson's, Inc.*, 141 Cal. App. 4th 1422, 1426 (2006)). Relying in part upon defendant's representation regarding the difficulty in atomization of proof, class certification was denied. The order denying certification specifically cited the proposition of law set forth in defendant's brief, stating that the "primarily

engaged" element has been applied to require that managers spend over half of their time on exempt tasks "in any given workweek." *Akaosugi v. Benihana Nat'l. Corp.*, 282 F.R.D. 241, 250 (N.D. Cal. 2012) (citing *Dunbar*, 141 Cal.App.4th at 1426).

Plaintiffs then proceeded to trial without a class. Now that we are in trial, and now that defendant has the burden of proof as to an exemption, defense counsel are taking the exact opposite position, arguing that a week-by-week analysis is *not* required.

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008). It is "an equitable doctrine invoked by a court at its discretion . . . and is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." *In re Hoopai*, 581 F.3d 1090, 1097 (9th Cir. 2009) (internal citations and quotations omitted). Factors to consider include: (1) whether a party's later position is "clearly inconsistent" with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party." *Ibid*.

Defense counsel now argues that it is impractical to try the individual cases on a week-by-week basis, a point of some significance given that Benihana admits that it has the burden of proof on whether an exemption applied. Be that as it may, defendant earlier argued a week-by-week analysis was required. Plaintiffs seek to hold defendant to its representation that a week-by-week analysis is necessary to meet defendant's burden of proof. This order agrees that defendant is estopped from attempting to have it both ways. There is no plausible way to explain away the earlier representation. The Court will provide an instruction to the jury using the exact language relied upon in its prior order denying class certification, namely the "any given workweek" test previously urged by the defense and expressly adopted by the order denying class certification. Although the Court will not yet instruct the jury that a "week-by-week" analysis is required in this case, plaintiffs are not precluded from so arguing to the jury. Defendant may, of course, present its own arguments on the record before the jury. Given

defendant's prior position, however, defendant may not now escape a jury instruction that defendant must prove that plaintiffs spent over half of their time on exempt managerial tasks "in any given work week." This order adds that the just-quoted language is in accordance with the law in our circuit, as shown above.

**IT IS SO ORDERED.**

Dated: October 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE