United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE,<br><br>  Plaintiffs,<br><br>  v.<br><br>BENIHANA, INC., dba BENIHANA NATIONAL CORPORATION,<br><br>  Defendant. | No. C 11-01272 WHA<br><br>**MEMORANDUM OPINION RE "COMBINATION EXEMPTIONS" JURY INSTRUCTION** |

In this employee misclassification action, the main trial question is whether defendant Benihana National Corporation properly classified plaintiffs as exempt employees. Defendant argues that plaintiffs were properly classified as exempt under either the "administrative" or "executive" exemption, and are thus not entitled to receive overtime wages or meal-and-rest break benefits. Defendant, who has the burden of proof as to an exemption, contends that a jury instruction regarding "tacking" or "combination exemptions" is warranted. Plaintiffs oppose the instruction, arguing that the instructions were tardily requested two days into trial and that tacking is not recognized under California law.

Tacking allows time spent on either fully-qualified exempt administrative or managerial duties to be combined in order to determine whether an employee was "primarily engaged in duties which meet the test of the exemption." As described in an opinion letter of the California

1  Division of Labor Standards Enforcement, tacking permits one type of exempt work to be
2  combined with another type "so that, for example, an employee who spends more than 50% of
3  his worktime performing exempt managerial and exempt administrative work would meet the
4  'primarily engaged' test." D.L.S.E. Opin. Letter at 5.  A number of federal district courts have
5  found that the tacking rule applies to California law.  *See, e.g., Hill v. R+L Carriers, Inc.*, 690 F.
6  Supp. 2d 1001, 1008 (N.D. Cal. 2010) (Wilken, J.) (citing D.L.S.E. Opin. Letter); *Musgraves v.
7  Sears Holding Mgmt. Corp.*, No. 11-0625, 2012 WL 3222905, *12 (C.D. Cal. July 19, 2012)
8  (Feess, J.) (same); *Traylor v. Pyramid Services, Inc.*, No. 07-4376, 2008 WL 8667410, *4 n.3
9  (C.D. Cal. Sept. 24, 2008) (Real, J.) (same).

10  Plaintiffs argue that the opinion letter is not controlling authority and that the applicable
11  wage order refers only to "duties that meet the test of the exemption."  Thus, California law —
12  unlike federal law — does not provide for tacking of time spent on exempt managerial and
13  executive duties.  An agency's interpretations of a statute, while not controlling, may be
14  persuasive, as they can "constitute a body of experience and informed judgment to which courts
15  and litigants may properly resort for guidance." *Yamaha Corp. of America v. State Bd. of
16  Equalization,* 19 Cal.4th 1, 7–8 (1998).  Federal courts addressing this very issue have similarly
17  found that the tacking or combined exemptions rule applies to California law regarding
18  exemptions from overtime pay requirements.  Plaintiffs have not identified any decision
19  repudiating or calling into question these decisions, or the opinion letter cited therein.
20  Furthermore, although plaintiffs contend that the Division's opinion letters are often withdrawn
21  or contradicted by subsequent letters, plaintiffs have failed to identify any such withdrawal or
22  contradiction, even though the letter has been extant for a decade.

23  This order finds that the tacking rule should be applied in this action, where defendant
24  has put forth admissible evidence at trial regarding whether plaintiffs performed arguably
25  exempt administrative and/or managerial duties.  Plaintiffs are not prejudiced by defendant's
26  tardy filing of the proposed instruction, as both sides have filed briefs and have been thoroughly
27  heard on the issue and the trial presentations would not have differed had the proposed
28  instruction been tendered on time.

The jury shall be instructed on tacking or combining exemptions as set forth in the draft final jury charge as follows:

> For the purpose of determining whether a plaintiff spent more than 50% of his or her time performing exempt tasks, you may consider both administrative and managerial duties together. For example, if you find that 30% of a plaintiff's time was spent on fully-qualified exempt executive duties and that plaintiff spent a different 30% of his or her time on fully-qualified exempt administrative duties, then you may combine the two to find that the plaintiff spent over 50% of his or her time on exempt duties. This would satisfy the "primarily engaged" requirement for both the executive and administrative exemptions.

(Dkt. No. 250 ¶ 23).

**IT IS SO ORDERED.**

Dated: October 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3