IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TETSUO AKAOSUGI, HIEU NGUYEN, and RINKO DONAHUE,

    Plaintiffs,

  v.

BENIHANA NATIONAL CORP.,

    Defendant.
                                          /

No. C 11-01272 WHA

**ORDER RE PLAINTIFFS' MOTION TO ALTER JUDGMENT**

      The third amended complaint in this action alleged that defendant Benihana National Corp.'s misclassified its restaurant manager employees as exempt from overtime and meal-and-rest break benefits under California law. The complaint also included a claim for vacation pay forfeiture. Two vacation pay classes were certified — one for terminated employees and one for current employees (Dkt. No. 154). As to these two classes, the parties have reached a settlement agreement and filed a motion for preliminary approval of the settlement. By order dated August 20, 2012, a fairness hearing on plaintiffs' motion for final approval of the settlement agreement was scheduled (Dkt. No. 180 at 3).

      Plaintiffs' motion to certify a class of salaried managers was denied. Individual plaintiffs Tetsuo Akaosugi, Hieu Nguyen, and Rinko Donahue proceeded to trial on an individual basis. Following trial, the jury returned a verdict finding that Benihana had properly classified each of the three individual plaintiffs as exempt. Judgment was entered in favor of Benihana and against the three individual plaintiffs on October 22 (Dkt. No. 264). On October 25, amended judgment

was entered pursuant to stipulation of the parties to correct the name of defendant from "Benihana, Inc." to "Benihana National Corp." (Dkt. No. 266).

Plaintiffs have filed an "administrative motion regarding entry of final judgment" requesting that the judgment be amended to reflect which claims were resolved, and that judgment be stayed pending final resolution of all claims in the action. Plaintiffs contend that because the jury "reached a verdict only with respect to Defendant's Affirmative Defense that it properly classified Plaintiffs as exempt from California's overtime and break laws . . . the Judgment needs to be amended to reflect that it only reaches" the claims that relate to the individual manager plaintiffs — not the two certified classes.

As to the individual plaintiffs Tetsuo Akaosugi, Hieu Nguyen, and Rinko Donahue, the claim under California Business and Professions Code Section 17200 was reserved for the Court to decide. The Section 17200 claim was predicated on plaintiffs' claims that defendants unlawfully failed to pay overtime wages and provide meal periods and rest breaks. The Court heard the same evidence as the jury and believed the jury reached a reasonable conclusion. The Court agreed with the verdict reached by the jury that Benihana properly classified plaintiffs as exempt employees, and found that Rinko Donahue was properly classified as exempt throughout the relevant period. As the three plaintiffs' claims for violation of Section 17200 were predicated on violations of their underlying overtime wages and meal-and-rest break claims, this order clarifies that the judgment entered in favor of Benihana and against the three individual plaintiffs included plaintiffs' claim for violation of Section 17200. The judgment did *not* include any claims of the two certified classes, including the certified classes' Section 17200 claim.

Plaintiffs' motion to stay enforcement of the judgment under Rule 62(h) is **DENIED**. Plaintiffs argue that the "prevailing party" for purposes of awarding costs under Rule 54(d) cannot be determined until all of the claims in the complaint have been resolved, including the claims of the two certified vacation pay classes. This order notes that defendant has submitted a bill of costs for taxation by the Clerk.

A determination of the "prevailing party" need not be made at this time. To the extent that the Clerk finds any costs are properly taxable, plaintiffs may file a motion for review of the

Clerk's taxation of costs and raise their arguments at that time in a motion supported by clear legal authority. Here, judgment was entered pursuant to Rule 54(b), which provides that "when an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." As stated in the judgment entered on October 25, a finding was made that there was no just reason for delay to enter judgment against the three individual plaintiffs. As the claims of the individual plaintiffs are not related to those of the certified classes, delaying enforcement of judgment against the individual plaintiffs until after the claims of the vacation pay classes are fully resolved is unnecessary.

**IT IS SO ORDERED.**

Dated: November 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3